UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMY DUNCAN,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**KEARFOTT CORPORATION, ASTRONAUTICS CORPORATION OF AMERICA CORPORATION, et al.,**<br><br>    **Defendants.** | Civ. No. 22-5740 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Amy Duncan, sues Kearfott Corporation ("Kearfott") and Astronautics Corporation of America Corporation ("Astronautics"), asserting claims of retaliation, interference, discrimination, and wrongful discharge in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*, and the New Jersey Family Leave Act ("NJFLA"), N.J. Stat. Ann. 34:11B *et seq*. Now before the court is the motion of Astronautics to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion is granted without prejudice to amendment within 30 days. For reasons which will become apparent, I write only briefly.

**I.  DISCUSSION**

   **A. Legal Standard**

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of resolving a Rule 12(b)(6) motion to dismiss, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *New Jersey Carpenters & the Trustees*

*Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

The Federal Rules of Civil Procedure do not require that a complaint contain detailed factual allegations. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570. That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B. Analysis

Ms. Duncan was employed by Kearfott. In her complaint, she alleges that Kearfott interfered with her statutory right to take intermittent leave to care for a sick family member, ultimately firing her for pretextual reasons. She does not appear to allege that Astronautics took these actions. Rather, she alleges on information and belief that Astronautics is Kearfott's parent corporation; that the two corporations share common management or ownership; and that "both defendants exercised control of the means and manner of Plaintiff's work performance, furnished equipment, and the workplace in which Plaintiff worked and constituted a 'dual employer' of the Plaintiff under the law." (Cplt. ¶ 35) Astronautics maintains that it is not Duncan's employer and therefore cannot be liable under FMLA or NJFLA for retaliation, interference, or adverse employment actions. *See generally Ross v. Gilhuly*, 755 F.3d 185, 191–92

(3d Cir. 2014); *Shinn v. FedEx Freight, Inc.*, 783 F. App'x 229, 234 (3d Cir. 2019).

Duncan's first argument in response may be disposed of briefly. In effect, she argues that Astronautics is potentially liable because it is *an* employer within the meaning of the statute. The import of the statute, however, appears to be that the defendant must be the *plaintiff*'s employer. At any rate, the complaint fails to allege with any specificity that Astronautics took any of the wrongful or discriminatory acts for which Duncan sues.

More substantial is Duncan's second argument: that Kearfott and Astronautics were joint employers. *See, e.g.*, 29 C.F.R. § 825.104(c)(1). But as to this issue, the complaint, quoted above, merely parrots certain relevant factors in conclusory terms, with no supporting facts. As to "joint employer" status, it fails to meet *Twombly/Iqbal* federal pleading standards. *See Carroll v. Sunrise Detox Cherry Hill, LLC*, No. CV 19-17287, 2020 WL 4218409, at *5 (D.N.J. July 22, 2020) (granting motion to dismiss FMLA claim where complaint contained only conclusory allegations regarding joint employer status). And no surprise, either, because Duncan filed her complaint in state court, where those pleading standards do not apply.[1]

Duncan has attached to her opposing brief a certification intended to remedy the factual deficiencies of the complaint, and cites that certification extensively in her brief. (DE 12-1) It is axiomatic, however, that a motion to dismiss is directed to the face of the complaint, with irrelevant exceptions, and that a complaint cannot be amended by, *e.g.*, statements in a brief. *See Pennsylvania ex. Rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and

---

[1] Defendants removed the action to federal court based on the presence of a federal-law FMLA claim. (DE 1)

matters of public record"). If the plaintiff wished to inject further factual allegations, the proper vehicle would have been a motion to amend the complaint.

Nevertheless, I consider the certification for the limited issue of whether leave to amend should be granted. As it appears that the plaintiff is potentially in possession of further, relevant facts, leave to amend will be granted.

## II.   CONCLUSION

For the reasons set forth above, Astronautics' motion to dismiss is **GRANTED**. It appears, however, that amendment would not necessarily be futile. Accordingly, dismissal is granted without prejudice to the submission of a proposed amended complaint within 30 days. If no proposed amended complaint is filed, the dismissal shall become one with prejudice.

An appropriate order follows.

Dated: May 3, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty
United States District Judge**